**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERVIN IVAN ALVAREZ-GONZALEZ (A No. 245-152-727), <br><br> Petitioner, <br><br> v. <br><br> CHESTNUT, et al., <br><br> Respondents. | Case No. 1:26-cv-03060-JLT-SKO <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR PRELIMINARY INJUNCTION AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE <br><br> (Docs. 1, 2) |

Hervin Ivan Alvarez-Gonzalez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus and **DENIES** the motion for preliminary injunction as moot.[1]

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from El Salvador who entered the United States on or about August 27, 2023, where he was encountered and released on his own recognizance. (*See* Doc. 1 at 2.) On August

---

[1] Respondents did not request a hearing or further briefing on the motion for preliminary injunction and instead request this Court "deny the petition for writ of habeas corpus," (Doc. 9 at 2), thereby requesting a decision on the underlying merits. Considering this and given that Respondents had notice and opportunity to respond, (*see* Doc. 9), the Court decides this case on the underlying habeas petition.

28, 2023, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Immigration and Nationality Act § 212(a)(6)(A)(i). (*Id.*) Petitioner has a pending application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* at 4.) Petitioner is not currently subject to a final order of removal.[2] (*Id.* at 3.) Petitioner claims that he "has no criminal record, has never missed a hearing or check-in, and is not a flight risk or danger." (*Id.* at 3.) Respondents offer no evidence or argument to suggest otherwise. (*See* Doc. 9.) On February 12, 2026, while attending an ICE check-in appointment, ICE arrested the Petitioner without advance notice or hearing. (Doc. 1 at 3.) Petitioner is detained at California City Detention Center in California. (*Id.*)

On April 22, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for preliminary injunction asserting that his due process rights have been violated. (Docs 1, 2.) On April 29, 2026, Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 9.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened on September 6, 2023, and that his case is currently pending with an upcoming hearing scheduled for June 2, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 30, 2026).

Amendment. (Doc. 1 at 5–13.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 9.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV.   CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    The motion for preliminary injunction (Doc. 2) is **DENIED** as **MOOT**.

3.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of

4.   The Clerk of Court is directed to serve California City Detention Center in California City, California with a copy of this Order.

5.   The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 4, 2026**

UNITED STATES DISTRICT JUDGE

such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.